UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:23-CV-00020-JRG-CRW
)
MORRIS ANTHONEY PHILLIPS )

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Morris Anthoney Phillips' 28 U.S.C. § 2255 Motion for Out of Time Appeal [Doc. 1] and the United States' Response [Doc. 4]. For the reasons herein, the Court will deny Mr. Phillips' motion.

### I. BACKGROUND

In 2015, Mr. Phillips pleaded guilty to a conspiracy to distribute and to possess with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; a conspiracy to distribute a quantity of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846; and a conspiracy to commit money laundering, in violation of 18 U.S.C. 1956(h). [Plea Agreement, Doc. 170, at 1–2, 2:14-CR-00104-3-JRG-CRW]. At sentencing, his total offense level was 34 and his criminal history category was I, [Statement of Reasons, Doc. 357, at 1, 2:14-CR-00104-3-JRG-CRW], and his advisory guidelines range was 151 months to 188 months, [*id.*]. The Court sentenced him to a below-guidelines sentence of 144 months' imprisonment. [J., Doc. 356, at 3, 2:14-CR-00104-3-JRG-CRW].

Although Mr. Phillips appealed his sentence, the Sixth Circuit dismissed his appeal because the appellate-waiver provision in his plea agreement foreclosed his right to pursue an appeal. [Sixth Circuit Order, Doc. 383, at 1–3, 2:14-CR-00104-3-JRG-CRW]. Mr. Phillips now moves for relief under 28 U.S.C. § 2255, claiming that his attorney rendered ineffective

assistance of counsel. The United States opposes his motion. Having carefully reviewed and considered Mr. Phillips' claim and the parties' arguments, the Court is now prepared to rule on it.

## II. STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing he is

2

entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," he will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d `695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III.   ANALYSIS

In pursuing relief under § 2255, Mr. Phillips claims that his attorney violated his Sixth Amendment right to effective assistance of counsel because "he did not file [his] [a]ppeal as [he] insisited [sic] on him to do so." [Pet'r's Mot. at 2]. But as the United States rightly argues, Mr. Phillips' claim is "demonstrably false" because his attorney did file an appeal on his behalf. [United States' Resp. at 1]; *see* [Notice of Appeal, Doc. 365, 2:14-CR-00104-3-JRG-CRW]. And besides, as the United States also rightly argues, Mr. Phillips' motion is untimely.

Section 2255's one-year statute of limitations states:

The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Of these four subsections, only one of them, § 2255(f)(1), is relevant to Mr. Phillips' case. "When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final [under § 2255(f)(1)] upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). This ninety-day period runs not from the date of the Sixth Circuit's mandate but from the date of the Sixth Circuit's entry of its

order. *See* Supreme Court R. 13.1 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."); *see United States v. Smith*, Crim. No. 12-cr-20095, Civ. No. 15-cv-13814, 2016 WL 491837, at *1 n.1 (E.D. Mich. Jan. 8, 2016) ("[T]he date of the mandate does not impact the length of the ninety day window in which writ of certiorari must be submitted to the Supreme Court." (citing *id.*)).

The ninety-day period began to run on October 5, 2016, which is the date when the Sixth Circuit ruled on Mr. Phillips' direct appeal, and expired on January 3, 2017. His conviction therefore became final on January 3, 2017, and his § 2255 motion was due in this Court one year later, on January 3, 2018. 28 U.S.C. § 2255(f)(1). Mr. Phillips, however, did not file his § 2255 motion until February 23, 2023, and it is therefore untimely under § 2255(f)(1). In addition, Mr. Phillips does not argue that he is entitled to equitable tolling. His claim of ineffective assistance of counsel therefore not only fails on the merits but also because it is untimely, and he is not entitled to the extraordinary remedy of § 2255 relief.

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Mr. Phillips to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, the petitioner must demonstrate that reasonable jurists would find the Court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Mr. Phillips' claim, the Court concludes that reasonable jurists would not find that its rejection of his claim is debatable or wrong. In addition, the Court concludes that reasonable jurists would

not find that its dismissal of his claim as time-barred is debatable or wrong. The Court therefore declines to issue a certificate of appealability to Mr. Phillips.

## IV. Conclusion

As the petitioner under § 2255, Mr. Phillips fails to meet his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His 28 U.S.C. § 2255 Motion for Out of Time Appeal [Doc. 1] is therefore **DENIED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
